UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAVID S. JERANIAN and FRANK NORTH, Plaintiffs, v. JOYCE A. DERMENJIAN f/k/a JOYCE A. JERANIAN, Defendant. | C.A. No. 18-652-JJM-PAS |

## ORDER

The matter before the Court is Defendant's Partial Objection (ECF No. 56) to the Report and Recommendation of Magistrate Judge Patricia A. Sullivan (ECF No. 55) (the "R&R"), concerning the Cross-Motions for Summary Judgment (ECF Nos. 32 and 34) in the partition action for 1221 Post Road, Warwick, Rhode Island (the "Real Estate"). The Defendant objects to the R&R claiming that the Magistrate Judge was in error by (1) failing to address as a dispute of fact the Estate of Harry Jeranian's assertion of an ownership interest in the Real Estate, (2) failing to join the Estate of Harry Jeranian to the partition, and (3) recommending the appointment of a commissioner. ECF No. 56 at 7-14. The Plaintiffs filed a response to the Defendant's Partial Objection. ECF No. 57.

## ANALYSIS

The Court's review of the R&R is pursuant to Rule 72(b)(3) of the Federal Rules of Civil Procedure. After reviewing the Cross-Motions for Summary Judgment, the

R&R, the Defendant's Partial Objection to the R&R, and the Plaintiffs' response, the Court agrees with Magistrate Judge Sullivan's thorough and well-reasoned findings and recommendations.[1] The Court accordingly ACCEPTS the R&R as follows:

1. Partial judgment for partition by sale of the Real Estate under R.I. Gen. Laws § 34-15-16 is necessary and hereby ordered.

2. Considering the history of delay in selling the Real Estate, the Court finds that the appointment of a commissioner is essential to make the partition in this matter. R.I. Gen. Laws § 34-15-24. Any party may seek by motion the appointment of a commissioner and must submit a proposed order with the motion that includes the appointment of a proposed commissioner and a listing of the powers and responsibilities of the commissioner. Any party is free to object to any motion filed. The commissioner and their staff will be compensated for their services from the proceeds of the partition pursuant to R.I. Gen. Laws § 34-15-22.

3. Issues of the proper allocation of costs, as outlined in the Defendant's Objection (ECF No. 56 at 5-7) will be addressed at the time of the apportionment.

4. It is undisputed that the parties before the Court collectively are the sole owners of the real estate in question, therefore it is unnecessary to join the Estate of Harry Jeranian.

---

[1] Contrary to the Defendant's assertion, the Court finds that the Magistrate Judge did follow the standards required by Fed. R. Civ. P. 56 in reading the Defendant's Motion for Summary Judgment with the leniency that a *pro se* filer deserves. *See* ECF No. 55 at 2, n.3.

5. All remaining requests by the Plaintiffs are denied without prejudice, and may be brought before the Court if necessary, at the appropriate time.

6. The Court DENIES Defendant's Cross-Motion for Summary Judgment. ECF No. 34.

CONCLUSION

For the reasons stated, the Court (i) ACCEPTS the R&R (ECF No. 55) as specified above, (ii) GRANTS IN PART and DENIES WITHOUT PREJUDICE IN PART Plaintiffs' Motion for Summary Judgment (ECF No. 32), and (iii) DENIES the Defendant's Cross-Motion for Summary Judgment (ECF No. 34).

Additionally, because neither party filed an objection, the Report and Recommendation of Magistrate Judge Patricia A. Sullivan (ECF No. 53) to grant the Plaintiffs' Motion to Dismiss (ECF No. 20) the Defendant's counterclaims without prejudice is ACCEPTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

December 26, 2019