UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID S. JERANIAN and :
FRANK NORTH, :
    Plaintiffs, :
     :
v. :    C.A. No. 18-652JJM
     :
JOYCE A. DERMENJIAN, f/k/a :
JOYCE A. JERANIAN, :
    Defendant/Plaintiff in Counterclaim. :

**ORDER**

    This matter is before the Court on the motion of Defendant Joyce Dermenjian for a discovery order (ECF No. 75). This motion follows the Court's entry on November 30, 2020, of an agreed-upon Order requiring Plaintiffs David S. Jeranian and Frank North to provide substantive responses to pending interrogatories and document requests that Plaintiffs deem relevant and to which they have substantive responses, as well as to specify whether any responsive materials are being withheld on the basis of any objection. ECF No. 74 ("Order"). The Order required Plaintiffs to comply by December 9, 2020, but they acknowledge that they failed to do so. The pending motion asks the Court to order that Plaintiffs comply promptly with the Order and to sanction them for their failure to comply by December 9, 2020.

    Three matters animate the Court's approach to this motion. First, a critical point in the process of the sale of the Real Estate has been extended, so that the ongoing challenge of facilitating discovery that may be premature, because the details of the sale remain unknown, persists. Second, the Court nevertheless finds eminently reasonable Defendant's request for responses sufficient to clarify what Plaintiffs presently deem relevant to allocation of the proceeds of any sale of the Real Estate and, to the extent presently knowable, what Plaintiffs will be seeking with respect to allocation and what facts support their positions. The Court further

finds reasonable Defendant's objection to being deposed before Plaintiffs have clarified what they know now they will be claiming with respect to allocation; without these responses, Defendant would be deposed without knowing what Plaintiffs deem relevant and what is likely to be in controversy.  Third, Plaintiffs argue that the Order and the current motion are ambiguous with respect to whether they amount to a procedurally proper foundation for Fed. R. Civ. P. 37 sanctions, as well as that sanctions are inappropriate in light of all of the circumstances.  For the reasons stated during the hearing, the Court agrees that it is not yet appropriate to consider sanctions (except for the delay of Defendant's deposition), but that any further delay may well become sanctionable.

Based on the foregoing, the Court orders that Plaintiffs shall comply with the Order on or before February 1, 2021, and that their failure to comply could expose them to sanctions pursuant to Fed. R. Civ. P. 37, including without limitation the sanctions sought (and denied for now) by the pending motion.  The Court further orders that Defendant's deposition shall not be taken until Plaintiffs have complied with the Order.  The Court further emphasizes that compliance with the Order requires not only substantive responses if Plaintiffs have substantive responses, or a clear statement that there is no substantive response if applicable, but also that, as to document requests, Plaintiffs must state as to each objection asserted whether and to what extent responsive documents are being withheld as required by Fed. R. Civ. P. 34(b)(2)(C).[1]  Further, mindful of the equitable considerations acknowledged by the Court in prior rulings with respect to Plaintiff Frank North, the Court nevertheless requires that he must provide either responses to both interrogatories and document requests pursuant to the Order or provide a

---

[1] As noted during the hearing, Plaintiffs may respond by identifying categories for which they _may_ seek allocation depending on what ultimately happens with the sale of the Real Estate, while relying on the burden of assembling detailed responses now to a category that is contingent on unknown events as a reason to delay responding until the relevancy of the category has been clarified by subsequent events.

statement of a reason why he cannot. Finally, as the Order provided, Defendant's right to challenge Plaintiffs' objections and the sufficiency of responses, including by the filing of a motion to compel, is preserved.

      The motion for discovery order (ECF No. 75) is granted in part and denied in part as set forth above.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
January 19, 2021